73 F.3d 364
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 David HOOKER, Petitioner-Appellant,
v.
Craig A. HANKS, Respondent-Appellee.
 No. 95-1819.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 18, 1995.*
Decided Dec. 29, 1995.
 
 Before BAUER, COFFEY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Petitioner David Hooker sought a writ of habeas corpus, 28 U.S.C. Sec. 2254, alleging that his transfer to a maximum security prison violated his due process rights and that prison officials wrongfully denied him early release from segregation. The district court denied relief and Hooker appealed. We affirm.
 
 ANALYSIS
 
 2
 Hooker is currently in the Wabash Valley Correctional Institute in disciplinary segregation. Hooker maintains that his transfer from the Indiana State Prison to the more restrictive Wabash Valley Correctional Institute violated his due process rights because he was not properly eligible for such a transfer. Hooker argues that only prisoners with more than two years of disciplinary segregation left to serve are eligible to be transferred to the Wabash Valley facility.[1] On the date of transfer, March 25, 1994, Hooker was in disciplinary segregation in the Indiana State Prison and not scheduled for release from segregation until October 1997.[2] While this indicates that he was eligible for transfer, Hooker maintains that a conduct review board had recommended that Hooker be released early from disciplinary segregation. Hooker claims his new release date was December 12, 1994. Hooker argues that, because he had less than two years to serve in segregation, his transfer was improper and his continued confinement in disciplinary segregation is wrongful.
 
 
 3
 Hooker's claim is based on an administrative program in the Indiana State Prison, in which a conduct review board can recommend releasing a prisoner from disciplinary segregation after he serves at least half his disciplinary term. (Record # 15, attachment 2). Hooker admits that the prison's superintendent, in his sole discretion, had the option of accepting or rejecting the review board's recommendation.
 
 
 4
 Hooker's claim fails for several reasons. First, such a discretionary administrative program will rarely, if ever, create a protected liberty interest. See generally Sandin v. Conner, 115 S.Ct. 2293 (1995). Second, even if the program did create a protected liberty interest, the program was canceled well before Hooker's claimed release date. (Record # 15, Attachment 2). Third, Hooker did not meet the program's requirements. The claimed "recommendation" for early release appears to simply be an answer to Hooker's inquiry as to when he would reach the half-way point in his sentence and potential release. (See Record # 15, Attachment 2). Fourth, even if the conduct review board's response constituted a recommendation, it is undisputed that the Superintendent of the Indiana State Prison never acted on it.[3]
 
 
 5
 Hooker is properly in disciplinary segregation. It is irrelevant that he is serving his term in the segregation unit at the Wabash Valley facility rather than the segregation unit at the Indiana State Prison. An inmate's transfer to a more restrictive prison does not implicate his federal due process rights. Whitford v. Boglino, 63 F.3d 527, 532 (7th Cir.1995); Ramirez v. Turner, 991 F.2d 351, 353 (7th Cir.1993).
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 The Wabash Valley facility is apparently used as the long-term disciplinary facility for all Indiana state prisoners
 
 
 [2]
 Hooker is serving a six-year and one month disciplinary sentence for a variety of misconduct. Hooker has not alleged that any of the prison disciplinary proceedings which resulted in the sentence are in any way infirm under Wolff v. McDonnell, 418 U.S. 539 (1974) or Superintendent, Massachusetts Correctional Institution at Walpole v. Hill, 472 U.S. 445 (1985)
 
 
 [3]
 Given that the Superintendent transferred Hooker to the Wabash Valley facility because of Hooker's poor disciplinary record (59 conduct reports), it is unlikely such a recommendation would have been accepted. (Record # 15, Attachment 4)